# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIRO GARZA, | 1:08-cv-01022-SMS (HC) |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS DUPLICATIVE |
| v. | [Doc. 1] |
| RICHARD J. HERNANDEZ, | |
| Respondent. | |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner consented to jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1).  (Court Doc. 7.)

    Petitioner filed the instant petition for writ of habeas corpus on June 2, 2008.  (Court Doc. 1.)  After a review of the instant petition and the Court's docket of Petitioner's prior petitions, this action must be dismissed as duplicative.

    A district court may dismiss a petition as duplicative after the weighing the equities of the case.  Adams v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007).  In determining whether a second action is duplicative of a prior action, the court should examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same.  Adams, 487 F.3d at 689.  An identical cause of action is determined by the transaction test, derived from the concept of claim preclusion.  Id.  The court must also determine whether the defendants are the same or in privity.  Privity includes relationship that fall under the title of

1  "virtual representation." Kourtis v. Cameron, 419 F.3d 989, 996 (9th Cir. 2005).

2      A plaintiff must bring one action against a party or privies relating to the same transaction
3  or event. Adams, 487 F.3d at 693. A court has the power to dismiss a duplicative action with
4  prejudice to prevent a plaintiff from "fragmenting a single cause of action and litigating
5  piecemeal the issue which could have been resolved in one action." Adams, 487 F.3d at 694.

6      Here, it is clear that Petitioner is seeking to litigate the same claims against the same
7  parties, or unnamed parties, in multiple suits. Petitioner has filed numerous petitions in this
8  Court alleging the same claim(s), which have all been dismissed for failure to state a claim. See
9  e.g. 1:06-cv-01256 LJO TAG HC; 1:06-cv-01620 OWW WMW HC (dismissed on April 20,
10 2007); 1:06-cv-01856 OWW SMS HC (dismissed on July 6, 2007); 1:07-cv-00252 AWI TAG
11 HC (dismissed on March 7, 2008); 1:07-cv-00385 LJO DLB HC (dismissed on October 12,
12 2007); 1:07-cv-00763 LJO TAG HC (dismissed on March 3, 2008). Such action by Petitioner is
13 inappropriate and must curtailed.

14     After reviewing the prior petitions, it is clear that the claim raised in the instant petition
15 arises from the same incident, raises the same claim, and seeks the same relief, as the previous
16 petitions which were dismissed for failure to state a claim. In the instant petition, as with the
17 prior petitions, although not stated in precise legal terms, Petitioner is challenging a conviction
18 and prison term of thirteen years stemming from a fistfight. Because the allegations in the instant
19 petition raise the same claim(s) and is based upon the same set of operative facts as the prior
20 petitions, it must be dismissed as duplicative.

21 ORDER

22     Based on the foregoing, it is HEREBY ORDERED that the instant Petition for Writ of
23 Habeas Corpus is DISMISSED as duplicative.
24  IT IS SO ORDERED.

25 **Dated:   August 4, 2008**          /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE
26
27
28